**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESSE BUSK and LAURIE CASTRO, on behalf of themselves and all others similarly situated,<br>*Plaintiffs-Appellants*,<br><br>v.<br><br>INTEGRITY STAFFING SOLUTIONS, INC.,<br>*Defendant-Appellee*. | No. 11-16892<br><br>D.C. No. 2:10-cv-01854-RLH-RJJ<br><br><br>ORDER |

Filed August 13, 2015

Before: Sidney R. Thomas, Chief Judge, and Jerome Farris, and N. Randy Smith, Circuit Judges.

Order

**SUMMARY**[*]

---

### Labor Law

The panel denied as moot a motion for reconsideration, vacated and withdrew a prior order on remand from the United States Supreme Court, and remanded the case to the district court for proceedings consistent with the Supreme Court's decision in *Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513, 519 (2014).

---

### ORDER

Pending before the Court is the Plaintiffs' Motion for Reconsideration of our Order dated July 7, 2015, following remand from the United States Supreme Court. A review of the docket indicates that there have been a number of developments in the case of which the panel was unaware.

A brief procedural history is useful to understanding the status. The panel issued its opinion on April 12, 2013. *Busk v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525 (9th Cir. 2013), *rev'd*, 135 S. Ct. 513 (2014). On May 3, 2013, the Defendant filed a petition for rehearing and rehearing *en banc*. No active judge requested a vote on the petition for rehearing *en banc*. Therefore, on June 3, 2013, the panel issued an order denying the petition for rehearing and rehearing en banc. No party sought a stay of the issuance of the mandate. Therefore, pursuant to Fed. R. App. P. 41(b),

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

the Clerk of Court issued the mandate on June 12, 2013, giving effect to the  judgment entered April 12, 2013.  The Defendant filed a petition for a writ of certiorari to the United States Supreme Court on October 3, 2013.  The Supreme Court granted the writ on March 7, 2014.  On December 9, 2014, the Supreme Court issued an opinion reversing the judgment of this Court.  *Integrity Staffing Solutions, Inc. v. Busk*, __ U.S. __,  135 S. Ct. 513, 519 (2014).  On July 7, 2015, on remand from the Supreme Court reversing our judgment, we issued an order affirming the judgment of the district court.

However, during these events, and after the issuance of the mandate, the case continued to progress in district court in Nevada.  No party sought a stay of proceedings.  The case was referred to a magistrate judge, and the Plaintiffs filed a Second Amended Complaint.

On October 12, 2013, the Plaintiffs then moved the United States Judicial Panel on Multidistrict Litigation ("MDL Panel") for centralization of this case and related litigation in the District of Nevada.  *In re Amazon.com Fulfillment Center Wage and Hour Litigation*, MDL-2504.  The MDL Panel concluded that centralization of the related litigation was warranted, but determined that the Western District of Kentucky was the appropriate transferee district for all of the related litigation.  Therefore, on February 19, 2014, pursuant to 28 U.S.C. § 1407, the MDL Panel issued an order transferring this case to the Western District of Kentucky.

The case was opened in the Western District of Kentucky on February 21, 2014 as case no. 3:14-cv-00139.  Since then, the case has progressed.  Following the Supreme Court

decision in *Integrity Staffing Solutions*, the Plaintiffs moved the district court to suggest to the MDL Panel a remand to the District of Nevada, but it subsequently withdrew the request and the district court denied the motion as moot. The Plaintiffs subsequently filed a Third Amended Complaint, and the case remains pending in the Western District of Kentucky.

The Plaintiffs did not advise us of any of these developments in their motion to reconsider. However, the developments have great bearing on our proposed action. The Plaintiffs seek reconsideration of our order, arguing that the state law claims raised for the first time on appeal should be remanded. However, the filing of multiple amended complaints in district court following the issuance of the mandate renders any further remand of state claims moot.

Nonetheless, we recognize that there is a possibility that our July 7, 2015 order could be misconstrued as bearing on the merits of the pending litigation. Therefore, we vacate and withdraw our order issued on July 7, 2015. In lieu thereof, we simply remand this case to the district court for proceedings consistent with the Supreme Court's decision in *Integrity Staffing Solutions*.

We need not, and do not, decide or reach any further issues in the case. We deny Plaintiff's Motion for Reconsideration of our July 7, 2015 Order as moot. The Clerk of Court shall transmit a copy of this order to the District of Nevada, the Western District of Kentucky, and the MDL Panel.

**IT IS SO ORDERED.**